UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEJESUS RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01229 - JLT<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER |

On September 18, 2014, the Court issued a Scheduling Order governing the action. (Doc. 7-1.) Plaintiff was ordered to file an opening brief within thirty days of service of Defendant's response to Plaintiff's confidential letter brief. (*Id.* at 2.) Defendant served Plaintiff with the response on March 11, 2015. (Doc. 12.) Accordingly, Plaintiff was to file her opening brief no later than April 10, 2015. To date, she has failed to file her opening brief.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110. "District courts have

---

[1] The Court is aware that Mr. Rosales has begun to miss court-imposed deadlines and has begun to file briefs that fail to analyze the evidence submitted below and to properly address the issues raised. *See*, *Zahirides v. Colvin*, Case No.: 1:14-cv-0283 JLT and *Walsh v. Commissioner of Social Security*, Case. No. 1:13-cv-00991 JLT. Indeed, the brief submitted in the *Zahirides* matter was identical, save for the Plaintiff's name, as that filed in the *Walsh* matter. Should this conduct continue, the Court will be forced to consider suspending counsel's ability to practice in this Court.

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within seven days** of the date of service of this Order why sanctions should not be imposed for failure comply the Court's Order or, in the alternative, to file her opening brief.

IT IS SO ORDERED.

Dated:   **May 12, 2015**                                **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE